## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES ROBERTS, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| V. | ) | C.A. NO. _____ |
| | ) | |
| CORELOGIC BACKGROUND DATA, LLC | ) | JURY TRIAL DEMANDED |
| f/k/a CORELOGIC NATIONAL | ) | |
| BACKGROUND DATA, LLC f/k/a | ) | |
| NATIONAL BACKGROUND DATA, LLC, | ) | |
| | ) | |
| DEFENDANTS. | | |

### COMPLAINT

COMES NOW the plaintiff, James Roberts ("Plaintiff" or "Mr. Roberts"), by and through his undersigned attorneys, and for his Complaint against defendant CoreLogic Background Data, LLC f/k/a CoreLogic National Background Data, LLC f/k/a National Background Data, LLC ("Defendant"). In accordance with Federal Rules of Civil Procedure 38(b) and (d), Plaintiff hereby demands a jury of 12 persons on all triable issues. Plaintiff alleges and states as follows:

### INTRODUCTION

1.      James Roberts ("Plaintiff") brings this action against Defendant for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681, *et seq.* and state law.

2.      Defendant operates a consumer reporting agency that compiles and maintains an extensive database of public records on consumers nationwide. They then sell consumer reports generated from the database and furnish these consumer reports to other reseller consumer reporting agencies who rebrand them and sell them to potential employers for the Plaintiff and similarly situated persons.

3.     Plaintiff alleges an individual claim under 15 U.S.C. § 1681e(b), which requires that Defendant use "reasonable procedures to assure maximum possible accuracy" in the publication of Plaintiff's consumer report.

4.     Plaintiff is a highly-skilled industrial maintenance mechanic, which is a position that is in high demand.  Starting in 2007, however, Plaintiff was incapable of finding steady work, despite going on countless interviews.  During that period of time, Plaintiff received multiple job offers conditioned upon his employment background check.  Time and time again, Mr. Roberts was passed-up for these jobs, for which he was qualified and conditionally promised employment.

5.     At the same time, Defendant sold background data to prominent Delaware background reporting companies that was grossly inaccurate.  Most significantly, it reported that Mr. Roberts was a convicted sex offender. Plaintiff, however, is not a sex offender; but, instead, Defendant had mixed the criminal history of a stranger with a similar first and last name into the Plaintiff's report, even though that person shared nothing else in common with Mr. Roberts.

6.     Defendant then violated federal law in withholding this information from Plaintiff in violation of 15 U.S.C. § 1681k and failing to maintain strict procedures to ensure that information was complete and up to date.  This important statutory requirement is intended to provide consumers immediate notice of the furnishing of the employment report and details necessary to preemptively contact the reporting agency to obtain and as appropriate correct information in the furnished report.  It also was intended to alert the consumer to the employer's use of the report to provide them the opportunity to address any concerns or derogatory history in the report directly with the employer.  Defendant's failure to comply with these long-standing requirements and denied the Plaintiff these important rights.

7.      Instead of complying with this notice requirement, Defendant withheld this information from the Plaintiff, who was left in the dark that Defendant falsely published defamatory reports that Mr. Roberts was guilty of a lurid crime.  That is until Plaintiff received a notice of a class action settlement in February 2018.  The class action settlement advised Plaintiff that from February 9, 2007 through January 12, 2012, Defendant had misidentified tens-of-thousands of people as sex offenders due to its willful disregard of its duty to establish and abide by reasonable procedures to assure maximum possible accuracy in the preparation of consumer reports.

8.      As part of the class action settlement, Defendant agreed to implement basic, rudimentary procedures to prevent misidentification of persons as sex offenders, such as that described herein.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction under the FCRA, 15 U.S.C. §1681p and 28 U.S.C. §1331.  Venue is proper in this Court under 28 U.S.C. § 1391(b) as the Defendant is formed under the law of the State of Delaware, Defendant regularly conducts business in the district, and a substantial part of the events giving rise to the claims herein occurred in the district.

10.      Plaintiff is a citizen of the State of Delaware and maintains all of the documents relevant to the dispute at his home in Georgetown, Delaware.

## PARTIES

11.      Plaintiff is an individual who resides in Georgetown, Delaware, and may be contacted through undersigned counsel.

12.     Defendant is a limited liability company organized under the laws of the State of Delaware, and may be served through its registered agent, the Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

13.     Plaintiff is a natural person and a "consumer" as that term is used in, and persons so identified protected by, the FCRA.

14.     According to Defendant, "CoreLogic provides comprehensive, accurate and relevant data to drive profitability and growth in the background data industry."

15.     According to Defendant, "[f]or over 13 years, our staff has afforded large and small companies the hands-on personal service needed to optimize business performance..." by providing "a [t]rusted [s]ource of [w]holesale [b]ackground [d]ata."

16.     Defendant sells criminal and employment-purposed background checks solely on a wholesale basis.  Consumers do not typically even know that an employment report originated from Defendant.

17.     Defendant is a consumer reporting agency that assembles and evaluates consumer information and provides consumer reports to third parties for the purpose of residential screening, employment screening, and/or other purposes.

18.     Defendant is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f).  It is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties.

19.     Defendant disburses consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

20.    Plaintiff is a highly-skilled industrial maintenance mechanic, which is a position that is constantly in high demand.

21.    Plaintiff, however, from 2007 through present, struggled to find and keep steady employment.

22.    On multiple occasions Plaintiff was told that he would be hired pending a background check.

23.    Immediately thereafter, and in accordance with Defendant's standard procedures, a reseller ordered an FCRA-governed consumer report from Defendant, which it furnished.

24.    The background check, upon information and belief, provided by Defendants identified Plaintiff as a convicted sex offender.

25.    Plaintiff did not learn that Defendant furnished a report regarding him until early 2018, when a class action entitled *Hines et al. v. CoreLogic National Background Data, LLC*, C.A. No. 3:12-cv-97 was settled and he was provided notice (the "Notice"), as required by the United States District Court for the Eastern District of Virginia.

26.    The Notice stated that Defendant "sent one of more sex offender records to other background check companies," including Avert, Inc., which does business as ADP Screening.

27.    The records provided to ADP Screening did not belong to Plaintiff.

28.    Plaintiff has never been a sex offender, registered or otherwise.

29.    As soon as ADP Screening received the Defendant's erroneous report, they placed same within a reseller-branded consumer report regarding Plaintiff, which was provided to prospective employers.

30.     Defendant has admitted to publishing a statement to ADP Screening, which was then circulated to at least one prospective employer, that Mr. Roberts was a convicted sex offender.

31.     Defendant's reckless and malicious failure to follow reasonable procedures to assure that its report regarding Plaintiff included accurate information caused Plaintiff substantial harm.

32.     The public records, all of which were readily available to the Defendant, confirm that Plaintiff is not a sex offender and the records wrongfully included in Mr. Roberts' background report contained information belonging to someone else.

33.     In accordance with its standard procedure, Defendant purchased or obtained criminal records in bulk.  Those bulk records did not possess identifying information, such as social security numbers.

34.     In creating and furnishing the Plaintiff's consumer report, Defendant failed to follow reasonable procedures to assure that the reports it furnished were accurate.

35.     Plaintiff never received a letter or any other communication from Defendant at the time that the false reports were furnished.

36.     Defendant failed to employ a policy requiring the existence of matching criteria used to generate criminal background data.  Instead, Defendant generated search inquiries using public records that did not include baseline identifying information such as social security numbers, addresses, and/or dates of birth. These willfully adopted, and substandard, procedures led to the mass misidentification of unsuspecting job applicants as sex offenders.

37.     The records in the State of Delaware clearly show that the social security number in the public records did not match those of the person identified in the Defendant's consumer report.  The State of Delaware records also show that the Plaintiff is not a sex offender.

38.     Despite providing a report for employment purposes containing public record information likely to have an adverse effect upon their ability to obtain or maintain employment, Defendant failed to provide notice at the time of the fact that the public record information was being reported by it, together with the name and address of the person(s) whom such information was being reported.

## COUNT I – VIOLATION OF THE FCRA §1681, *et seq.*

39.     Plaintiff reiterates each of the allegations in the preceding paragraphs as if set forth at length herein.

40.     Defendant violated 15 U.S.C. §§ 1681e(b) and 1681k by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report it furnished regarding Plaintiff.

41.     As a result of this conduct by the Defendant, Plaintiff suffered actual damages, including without limitation, loss of employment, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

42.     Defendant's violations of 15 U.S.C. § 1681e(b) and 1681k were willful, rendering Defendant liable pursuant to 15 U.S.C. § 1681n. In the alternative, the Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

43.     Plaintiff is entitled to recover actual damages and/or statutory damages, punitive damages, costs and attorneys' fees from the Defendant in an amount to be determined pursuant to 15 U.S.C. § 1681n and § 1681o.

44.     Defendant was grossly negligent, careless, reckless, and acted with wanton and willful disregard with regard to the duty owed to Plaintiff.

7

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff pray for relief as follows:

a.　　　That judgment be entered for Plaintiff individually against Defendant for actual and/or statutory damages and punitive damages for violation of 15 U.S.C. §§1681e(b), 1681k, 1681n, and 1681o.

b.　　　That the Court award costs and reasonable attorneys' fees, pursuant to U.S.C. §§ 1681n and 1681o;

c.　　　Compensatory, expectation, consequential, incidental, and punitive damages, pre- and post-judgment interest, legal fees, and costs, as well as any further relief that is just and equitable

d.　　　Trial by jury is demanded; and

e.　　　That the Court grant such other and further relief as may be just and proper.


**BERGER HARRIS LLP**

　*/s/　Sean A. Meluney*
Brian M. Gottesman, Esq. (DE ID # 4404)
Sean A. Meluney, Esq. (DE ID # 5514)
1105 N. Market Street, Ste 1100
Wilmington, Delaware 19801
(302) 655-1140　telephone
(302) 655-1131　fax
bgottesman@bergerharris.com
smeluney@bergerharris.com

Dated:　June 26, 2018
Wilmington, Delaware　　　　　　　　　　*Attorneys for Plaintiff James Roberts*

8